### FAILURE TO ACT UPON SEEING POSSIBLE DANGER.

Court of Appeals for Ashland County.

THE BALTIMORE & OHIO RAILROAD COMPANY v. GEORGE E. KOONS,
AS ADMINISTRATOR OF THE ESTATE OF WILL A. KOONS,
DECEASED.[*]

Decided, January Term, 1914.

*Negligence—Question of, by the Driver of a Team at a Railway Cross-*
*ing—Special Finding by Jury Held Not-Inconsistent with General*
*Verdict.*

A special finding by the jury that the decedent could have seen as far
as a point named by them in the direction from which the loco-
motive which struck and killed him was approaching, is not equiv-
alent to a finding of contributory negligence or inconsistent with
a general verdict in favor of the administrator, inasmuch as he
may have looked but been misled as to the speed of the locomotive
or the absence of danger signals upon which he had a right to
rely and thus been led to believe he could cross the track in safety.

*Arrel, Wilson, Harrington & DeFord* and *C. P. Winbigler,* for
plaintiff in error.
*E. M. Palmer* and *L. J. Myers,* contra.

SHIELDS, J.

In this proceeding a reversal is sought of the judgment ren-
dered by the Court of Common Pleas of Ashland County, Ohio,
upon a verdict for the defendant in error in an action for dam-
ages for personal injuries alleged to have been sustained by one
Will A. Koons at a public highway crossing in the village of
Sullivan in said county, which said injuries so received by him
resulted in his death, and which were caused by the alleged
neglect of the plaintiff in error.

In his second amended petition in the court below, it was
alleged by the plaintiff that on the 23d day of January, 1908,

---

*Motion for an order directing the Court of Appeals to certify its record
in this case overruled by the Supreme Court, June 2, 1914.

the defendant company maintained three tracks that crossed
a public highway in said village, one of which was used as a
main line, one a side-track and the other a spur track, all pas-
sing over said highway east and west, and which highway was
a much traveled thoroughfare running north and south through
said village, that on said date the defendant company main-
tained a depot building located a few rods east of said cross-
ing, and a water tank and watering station east of and close to
said depot; that on said date the said Will A. Koons was driv-
ing with a team of horses and wagon along said public highway
approaching said crossing from the north; that at the point
where said highway crossed said tracks the view to the east side
of said highway was obstructed by box cars standing on said spur
track, and by other obstructions on defendant's right-of-way
on the north side of said tracks, east of said crossing, all of
which was well known to the defendant; that at the time said
Koons approached said crossing the weather was dark and
cloudy, the wind was blowing hard from the northwest and
snow was falling in large quantities and blown in gusts by the
wind, all of which tended to obstruct his view as he approached
said crossing; that as he drove toward and upon said crossing
not knowing of the approach of any train, the defendant ran
one of its locomotives with a car attached thereto upon and
over said main track at a very high and dangerous rate of speed,
omitting to give any signals by bell or whistle or otherwise of
the approach of said locomotive and car over said crossing, and
failed to maintain a headlight on said locomotive or other light
or signal to indicate its approach, and as the said Koons drove
on to said crossing, without fault or neglect on his part, the de-
fendant carelessly and negligently ran said locomotive against
him and his wagon and violently struck and killed him and
demolished his wagon; that the defendant failed to take any
precautions whatever for the safety of said Koons and might
have avoided striking and killing him by the exercise of ordi-
nary care. Damages in the sum of $10,000 were prayed for.

In its answer the defendant set up two defenses, one being
in effect a general denial of the negligence charged, and the

other being a charge of contributory negligence upon the part of said Koons.

The plaintiff's reply contained a general denial of the contributory negligence charged.

A verdict of eight hundred dollars was awarded the plaintiff, and by a petition in error filed the case is brought before us for review.

Said petition in error contains numerous assignments of error, but the plaintiff in error specially urges upon the attention of this court what is designated therein as the ninth assignment of error, namely:

"That the general verdict returned by the jury is clearly inconsistent with the special findings of the jury and contrary to the clear weight of the evidence and the law of the case."

It appears that said cause was tried at a former term of said common pleas court and the judgment of said court was reversed by the circuit court and on being taken to the Supreme Court on error it was by said court remanded for a new trial, which resulted as hereinbefore indicated. Upon the hearing in this court it was stated by counsel for the plaintiff in error that the evidence upon the last trial was substantially the same as upon the first trial, hence the finding made by the circuit court renders it unnecessary to consider the errors assigned here at any length, except as to the legal effect of the special finding of the jury.

At the close of the testimony of the plaintiff below a motion was made that the trial judge instruct the jury to return a verdict for the defendant below which was overruled, and said motion was renewed at the close of all the testimony in the case which was likewise overruled, and in overruling said motions it is contended that said court erred. Under the evidence contained in the bill of exceptions, we are of the opinion that the action of the court below in this respect was proper and furnishes no ground of reversible error.

At the request of the defendant below, said court submitted to the jury for answer two interrogatories, to be answered and

returned as answered, with the general verdict. Such inter-
rogatories and answers were as follows:

First. "For what distance could Koons have seen engine 2626
approaching the crossing from the east if he had exercised ordi-
nary care in looking in that direction as he drove from the
spur track on to the side track?" Answer. "About to the
car house."

Second. "Was the crossing signal by a whistle given as the
train approached the car house from the east?" Answer.
"We think not."

The defendant below moved said court for a judgment in
its favor on the special verdict and finding of the jury, notwith-
standing the general verdict, which was overruled, and judgment
was entered on the general verdict returned by the jury. The
plaintiff in error contends that by this special finding of the
jury the said Koons was guilty of contributory negligence and
that the defendant in error was thereby precluded from a re-
covery in this action. In other words, that this finding of the
jury was irreconcilably inconsistent with its general verdict, and
that therefore the latter can not stand but must give way to this
special finding.

Section 11463, General Code, provides:

"When either party requests it, the court shall instruct the
jurors, if they render a general verdict, specially to find upon
particular questions of fact, to be stated in writing, and shall
direct a written finding thereon. The verdict and finding must
be entered on the journal and filed with the clerk."

Section 11464, General Code, provides:

"When a special finding of facts is inconsistent with the gen-
eral verdict, the former shall control the latter, and the court may
give judgment accordingly."

In *Davis* v. *Turner*, 69 O. S., 101, it is held:

"To be inconsistent with the general verdict as contemplated
by Section 5202, R. S., it must appear that the special findings
are irreconcilable, in a legal sense, with the general verdict; and
to justify the court in setting aside or disregarding the general

verdict on the ground that it is inconsistent with such special findings, the conflict must be clear and irreconcilable.''

While we have read the bill of exceptions in this case we do not feel called upon to enter upon a lengthy discussion of the evidence contained therein in passing upon the question made, namely, the legal effect of this special finding of the jury as bearing upon the question of the alleged contributory negligence of the deceased.

Is the answer to the first interrogatory clearly and irreconcilably in conflict with the general verdict? We think it is not. In *C., C. & C. R. R. Co.* v. *Crawford*, 24 O. S., 631, it is held that:

''Ordinary prudence requires that a person in the full enjoyment of the faculties of hearing and seeing, before attempting to pass over a known railroad crossing, should use them for the purpose of discovering and avoiding danger from an approaching train; and the omission to do so, without a reasonable excuse therefor, is negligence, and will defeat an action by such person for an injury to which such negligence contributed. But the omission to use such precautions, by a person injured, will not defeat his action, if, by due diligence in their use, the consequence of the defendant's negligence would not have been avoided. Nor will the failure to use such precautions be regarded as negligence on the part of the plaintiff, if, under all the circumstances of the case, a person of ordinary care and prudence would be justified in omitting to use them.''

In commenting upon the foregoing decision the judge announcing the opinion in the case of *Traction Company* v. *Brandon*, 87 O. S., 194, says:

''The effect of the entire holding is that the omission to look is not negligence in all cases *and as matter of law*, and it remains the law of Ohio today, though there are a number of decisions of courts of other states, notably Massachusetts, which appear to hold a more rigid rule. It is the Ohio rule respecting the crossing of a steam road, and, for a much stronger reason, the rule as to crossing a street railway track.''

Did the deceased look to see if a train was approaching before attempting to go upon and over this crossing? The testi-

mony of several witnesses tends to show that he did, that is, he looked to the east and in the direction that the train was approaching before going upon the main track. True he may not have been able to see for any considerable distance east of the crossing before reaching the main track on account of the box cars standing on the spur track as claimed, but that he was looking east as he drove upon the main track is evident. The jury found that he so looked and could see the train approaching as far east from the crossing as the car house, and it is argued that this finding shows such contributory negligence upon his part as to defeat the right of his administrator to recover. But does the answer to said interrogatory clearly and unmistakably show that he was guilty of contributory negligence? While the answer shows that the deceased could see for the distance mentioned, it does not state or even imply that he did not look. Aside from the testimony referred to in this respect, he may have looked and listened before attempting to pass over the crossing, and the presumption is that he did.

In the case of *Interurban Railway & Terminal Co.* v. *John M. Hines, Admr.,* 13 C.C.(N.S.), 168-170, which was a case involving the alleged running of a street car at a street crossing resulting in the death of decedent, it was held that:

"As to whether or not the decedent stopped, looked and listened before attempting to cross the track of the railway company, we are not prepared to say that she did, and she at least had the right to assume that the plaintiff company in the handling of its cars would exercise ordinary care towards her at this particular time and place under all circumstances. But if the evidence would not show such an inference and was wholly lacking upon this point, there is the legal presumption in her favor that she did look and listen." Citing *B. & P. R. R. Co.* v. *Landrigan Co.,* 191 U. S., 461. The same holding was made in 95 U. S., 161; 163 U. S., 353.

He may also have been misled by not hearing any signals or warnings given of the approach of the locomotive which he had a right to anticipate would be given, and supposing and believing that he could cross the track in safety attempted to so

cross and was injured. Under such circumstances, could it be claimed that he was guilty of such contributory negligence as would defeat an action to recover? Under the holding in *Schweinfurth's Admr.* v. *R. R. Co.,* 60 O. S., 215, we think he ought not be deprived of such right. Whatever the conduct of the deceased may have been, was it not a question for the jury to determine what a reasonably prudent man would and should have done under like circumstances? At best it was a question on which different minds might honestly differ, and it was therefore for the jury to determine whether or not he was guilty of contributory negligence. *Railway* v. *Murphy,* 55 O. S., 135; *Snell* v. *R. R. Co.,* 54 O. S., 197; *Traction Co.* v. *Brandon,* 87 U. S., 187.

The finding by the jury was not one of contributory negligence but that the deceased could have seen east of the crossing for a distance as far as the car house. This was a finding of fact—one growing out of a logical rather than a legal deduction from facts. Negligence and contributory negligence are mixed questions of law and fact to be determined by the jury, under proper instructions, so in this case we think that the effect of the special finding of the jury was one of both law and fact, not of law only, and that such finding is not conclusive of the right of the administrator to recover herein. The contention of the plaintiff in error in this respect therefore is not sustained.

It is also urged that the verdict of the jury is clearly against the weight of the evidence and contrary to law. An examination of the bill of exceptions shows no little conflict of evidence given by the respective parties hereto on matters material to the several issues involved, but aside from the former judgment of the circuit court in this respect, the judgment of this court is that the verdict of the jury is sustained by the evidence and that the same is not manifestly against the weight of the evidence or contrary to law.

We have also examined the bill of exceptions with reference to the other errors assigned in said petition in error and we find no such errors in the record as require a reversal of the judgment of the court below.

The judgment of the court of common pleas will therefore be affirmed, with costs.    Exceptions.

VOORHEES, J., and POWELL, J., concur.